UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MATTHEW T. ADAMS,

        Plaintiff,

v.

CAMDEN COUNTY JAIL,

        Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-06931 (JBS-AMD)

**OPINION**

APPEARANCES:

Matthew T. Adams
Plaintiff Pro Se
646 State Street, Apt. 4
Camden, NJ 08102

**SIMANDLE, District Judge:**

I. <u>**INTRODUCTION**</u>

    Plaintiff Matthew T. Adams seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

    At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

1

Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Here, Plaintiff's Complaint states: "Nov 1 2010 I was sentence [*sic*] in Camden County Jail where I was told to sleep on the floor[.] [T]heir [*sic*] wasn't enough space for me[.] [T]heir [*sic*] were 4 of us to the cell and me being overwait [*sic*] trying to fit somewhere was humiluting [*sic*] and degrading and embarrassing[,] not to mention that every time one [of] the inmate[s] had to urinate I could feel the splatter. Most of that entire time was sleepless nights because I just could not get off that floor. [W]hen [I] complain[ed] to the staff sergeant[,] he said nothing is going to change[;] we are overcrowded[.] Oct 31/06 [*sic*] on the floor again and this time while on the floor my sneakers 2 sizes small [*sic*] and I caught infection[.] [A]nother time my jumpsuit 4X, [and] I needed at least 8X. [T]hey made me walk around like I had on spandex[.] [E]verybody including the gaurds [*sic*] laughed at [me]." Complaint § III. Plaintiff alleges that he "suffer[ed] deep emostional [*sic*] pain being treated like I was a[n] animal[.] [T]he cell[s] were deplor-able [*sic*][.] I [was] force[d] to where [*sic*] small fitting sneakes [*sic*] & jumpsuite [*sic*]. Caught so many infections, back pain[.] I felt less then [*sic*] human.

Nightmares[,] arthritis, force[d] to live in a cell with 4 people made for 2." *Id*. § IV.

Plaintiff alleges the events giving rise to these claims allegedly occurred: "11/01/10 – 36 days[;] 10/31/06 – 74 days[;] 9/11/05 – 16 days[;] 3/27/05 – 12 days." *Id*. § III.

Plaintiff seeks $4,000 in damages, along with "help for the current [inmates,] a lot of them were just like myself[.] [T]here [*sic*] voices were never heard[.] I know I didn't derseve [*sic*] to be treating [*sic*] that way and they don't either." *Id*. § V.

## III. **STANDARD OF REVIEW**

28 U.S.C. § 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Pursuant to § 1915(e)(2), this Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. Primarily, the Complaint must be dismissed as the CCJ is not a "state actor" within the meaning of § 1983. *See*, *e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, the claims against CCJ must be dismissed with prejudice.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's Complaint is barred by the statute of limitations, which is governed by New Jersey's

4

two-year limitations period for personal injury.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

"Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted). Plaintiff alleges the events giving rise to these claims allegedly occurred: "11/01/10 – 36 days[;] 10/31/06 – 74 days[;] 9/11/05 – 16 days[;] 3/27/05 – 12 days." Complaint § III. The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims expired on or about December 7, 2012. As there are no grounds for equitable tolling of the statute of limitations,[2] the Complaint will be dismissed with prejudice.

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).
[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary

*Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**V.    CONCLUSION**

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**June 30, 2017**             **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              U.S. District Judge

---

way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).